IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
AT TYLER

--------------------

No.  12-14-00016-CV

--------------------

JUAN ENRIQUEZ,
Appellant,

v.

RICK THALER,
Appellees.

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN 10 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

--------------------

APPELLANT'S MOTION FOR COURT TO TAKE JUDICIAL NOTICE OF
SAVINGS CLAUSE OF SECTION 15.019, TEX.CIV.PRAC. & REM. CODE

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Evidence, moves the Court to take judicial notice of the Savings Clause of Section 15.019, Tex.Civ.Prac. & Rem. Code, averring as grounds the following:

I.

The dispositive issue in this appeal is whether the district court of Travis County had authority to transfer this lawsuit, which raises an on-going tort of racial discrimination and segregation commencing in 1972 when Plaintiff was placed in prison, to Anderson County where Plaintiff is currently housed.  The district court relied on Section 15.019, Tex.Civ.Prac. & Rem. Code to transfer venue.  However, Section 15.019, supra, has a Savings Clause which limits the

application of the statute to claims which accrued after its enactment in 1995:

> This Act applies only to a cause of action that accrues on or after the effective date of this action.  An action that accrued before the effective date of this act is governed by the law applicable to the action as it existed immediately before the effective date of this Act and that law is continued in effect for that purpose.

Section 10(a) of Section 15.019, Tex.Civ.Prac. & Rem. Code.

## II.

In their Appellees' Brief, Defendants argued:

> Here, the lower court below was correct it is reasoning and judgment when it found that 'the legislature intended that any litigation brought by an inmate will be brought in the county in which the facility is located.

Brief for Appellees at 21-22.

The Appellant has the right to address the argument raised by Appellees.  The Appellees' statement is false on its face.  The legislature limited litigation to claims that accrued after the 1995 effective date of Section 15.019, supra.  Appellant's Reply Brief addressed this issue.

## III.

This Court, since Appellant filed his Reply Brief, struck the Appendix to Appellees' Brief, which was the Reporter's Record of the hearing of Defendants' motion to transfer venue. The Court also overuled Appellant's motion to make the transfer venue hearing a part of the record on appeal.  The result is that this appeal is proceeding without an essential part of the record, which the State, via, its hearing judge, the travis county district clerk, and the reporter of the hearing withheld from the record.  This puts this appeal at risk.  There is simply

no justifiable reason for this Court to allow an appeal to proceed without an essential part of the record, not when the Plaintiff brought his problems in obtaining the record from Travis County.

IV.

Paragraph 9 of the Complaint in this action reflects that "Defendants' predecessors in the 1970s operated racially segregated prisons in violation of the state and federal constitutions." That is over 20 years before 1995 when the inmate transfer statute was enacted. The claim is not subject to dispute in venue transfer proceedings.

Appellees' Brief acknowledges Plaintiff's claim:

> Appellant alleges that Appellees have maintained and operated a racially segregated and racially discriminatory prison system which discriminates against Hispanics by denying them equal education opportunities and rehabilitative programs, housing them in segregated facilities, assigning jobs on the basis of race and color, denying the equal medical and dental treatment and disciplining them with harsher punishments.

Appellees' Brief, at 4.

The Appellees also recognize that "Appellant further claims that Appellees have a policy in place regarding the supervision of their units that denies equal treatment and servises to Hispanics that are 'provided routinely to Anglo inmates.' Appellees' Brief, at 4.

V.

The transfer order in this case is a nullity. The Travis County district court did not have a jurisdictional base on which

to base its venue transfer order.

WHEREFORE, PREMISES CONSIDERED, Appellant requests the Court to take judicial notice of the controlling law in this appeal, namely, Section 10(a) of Section 15.015, Tex.Civ.Prac. & Rem. Code.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Certificate of Service

I, Juan Enriquez, certify taht a correct copy of the foregoing motion was served  by placing same in the United States mail, postage prepaid, on June 2, 2015, addressed to Briana Webb, Assistant Attorney General, P. O. Box 12548, Capitol Station, Austin, TX 78711.

Juan Enriquez

## Mailbox Rule Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing motion was filed on June 2, 2015, by placing same in the Institutional Mail System, first class mail, postage prepaid, addressed to Clerk, Twelfth Court of Appeals, 1257 West Front Street, Suit 354, Tyler, TX 75702.  Executed on June 2, 2015.

Juan Enriquez